```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOEL KATZ & ANDREA KATZ         :        CIVIL ACTION
                                :
                                :
     v.                         :
                                :
GRAYLING CORPORATION, et al.    :        NO. 07-4891
```

MEMORANDUM & ORDER

Mclaughlin, J.                                    December 20, 2007

      This case was removed from state court by Grayling Corporation, one of five defendants, on grounds of diversity. The plaintiffs filed a motion to remand, arguing that Grayling had violated the unanimity rule and questioning whether there was complete diversity.  Grayling has filed a response to the plaintiffs' motion and an amended notice of removal.  Having reviewed the parties' submissions, the Court will now remand this action for lack of subject matter jurisdiction and violation of the unanimity rule.

      The moving party bears the burden of establishing federal jurisdiction, and the Court must construe the statute strictly against removal and to resolve all doubts in favor of remand.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

      Joel Katz claims to have suffered personal injuries when he fell from a ladder while installing a satellite dish on

the roof of Chili's Grill and Bar in Deptford, New Jersey.  He and his wife Andrea, citizens of Pennsylvania, sued five defendants in the Court of Common Pleas in Philadelphia County: Catawba Corporation[1]; Catawba Associates-Deptford, LLC; Grayling Corporation; Restaurant Subsidiary, Inc.; and Cypress/Deptford, II, L.P.  Three of the defendants – Grayling, Restaurant Subsidiary, and Cypress/Deptford – were served prior to Grayling's initial notice of removal.

Grayling's amended notice of removal claims that complete diversity of citizenship exists between the parties because the plaintiffs are Pennsylvania citizens; Grayling is a Delaware corporation with a principal place of business in Indiana; Catawba Corporation and Catawba Associates-Deptford, LLC are Virginia corporations with principal places of business in Virginia; Restaurant Subsidiary is a non-entity, and Cypress/Deptford II, L.P. is a Texas corporation with a principal place of business in Texas.

These facts are insufficient to establish diversity under 28 U.S.C. § 1332 (2000).  Defendant Cypress/Deptford, II,

---

[1] There seems to be some confusion about the corporate status of Catawba Corporation.  The plaintiffs call Catawba "Catawba Associates, LLC" and Defendant Grayling calls it "Catawba Corporation, LLC."  The Virginia State Corporate Commission Summary Report, attached to Grayling's Amended Notice of Removal, lists "Catawba Corporation" as a Virginia corporation, not an LLC.  The Court will assume that Catawba is a Virginia corporation.

L.P. is not a corporation, but a limited partnership.  In Carden v. Arkema Assocs., 494 U.S. 185, 197 (1990), the Supreme Court held that the citizenship of all partners in a limited partnership governs the determination of citizenship for jurisidictional purposes.  Grayling has not disclosed the citizenship of all of Cypress/Deptford's partners.

Defendant Catawba Associates-Deptford, LLC is not a corporation, either.  It is a limited liability company.  In every circuit that has addressed the question, the citizenship of a limited liability company is determined by the citizenship of its members. See Pramco ex rel. CFSF Consortium v. San Juan Bay Marina, 435 F.3d 51, 54-55 (1st Cir. 2006); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Wise v. Wachovia Secs., LLC, 450 F.3d 265, 267 (7th Cir. 2006); General Tech. Applications, Inc. v. Extro Ltda, 388 F.3d 114, 120-22 (4th Cir. 2004); GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827; 829 (8th Cir. 2004); Rolling Greens MHP v. Comcast Sch. Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant Grayling has had two opportunities to disclose the citizenship of the parties.  In neither the notice of removal nor the amended notice of removal has Grayling disclosed the necessary citizenship information about Catawba Associates-Deptford, LLC or Cypress/Deptford, II, L.P.

Therefore, the jurisdictional facts are insufficient to determine the existence of diversity.

In addition, Defendant Grayling has violated the unanimity rule by removing from state court without the consent of any of its codefendants. 28 U.S.C. § 1446(a) requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." It is well established that removal generally requires unanimity among defendants. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). There are several exceptions to the unanimity rule: where a non-joining defendant is an unknown or nominal party; where a defendant has been fraudulently joined; and where a non-resident defendant has not been served at the time the removing defendants file their petition. Id.; Balazik v. County of Dauphin, 44 F.3d 209; 213 n.4 (3d Cir. 1995).

According to the docket in the Philadelphia Court of Common Pleas, defendants Grayling, Cypress/Deptford, II, L.P., and Restaurant Subsidiary, Inc. were served before the notice of removal.

Defendant Grayling claims that the plaintiffs have made a mistake in describing the property where the accident occured as the Chili's at 1800 Clements Bridge Road in Deptford. Cypress/Deptford owns the property at 1800 Clements Bridge Road, and the Chili's is located at 1760 Clements Bridge Road.

Grayling claims that Cypress/Deptford has "no viable interest in the litigation at bar." It is unclear whether Grayling is alleging fraudulent joinder or that Cypress/Deptford is a nominal party, but it has not provided sufficient evidence for the Court to find either one.

Joinder is fraudulent when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff v. State Farm Ins. Co., 947 F.2d 848, 851 (3d Cir. 1992). Pointing out that one of the defendants is the landowner of the neighboring property and that the plaintiffs have made a mistake about the address is not enough to establish fraudulent joinder.

A nominal or formal party is one that is not necessary or indispensable to the suit. Mallallieu-Goldner Ins. Agency v. Executive Risk Indem., Inc., 254 F. Supp. 2d 521, 524-25 (M.D. Pa. 2003). Grayling's observations about the possible mistaken address are insufficient to establish that Cypress/Deptford is a nominal party.

Grayling alleges in its amended notice of removal that Restaurant Subsidiary is a "non-entity" and has no part in the litigation. In Grayling's response to the plaintiff's motion to remand, it claims that Restaurant Subsidiary is a defunct

organization that no longer exists and that Grayling does not know how Restaurant Subsidiary would be connected to the litigation.

This is insufficient to establish that Restaurant Subsidiary is either a nominal party or fraudulently joined. Restaurant Subsidiary was properly served by the plaintiffs. Grayling provides no evidence apart from its own assertion that Restaurant Subsidiary is a defunct corporation. Indeed, even if Restaurant Subsidiary is a defunct corporation, it does not necessarily follow that it has no interest in the litigation. Grayling has provided no evidence to establish that Restaurant Subsidiary is a nominal party or was fraudulently joined.

Grayling claims to have cured the defects in its notice of removal, but the amended notice of removal fails to establish the jurisdictional facts necessary under 28 U.S.C. § 1332 by neglecting to disclose the citizenship of all of the parties. Although a violation of the unanimity rule is not a jurisdictional defect, it is a serious defect in removal procedure under 28 U.S.C. § 1447(c). Therefore, the Court shall remand the case to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOEL KATZ & ANDREA KATZ         :        CIVIL ACTION
                                :
                                :
        vs.                     :
                                :
                                :
GRAYLING CORPORATION, et al.    :        NO. 07-4891
```

ORDER

AND NOW, this 20th day of December, 2007, upon consideration of the Motion to Remand of Plaintiffs Joel Katz and Andrea Katz (Docket No. 5), Defendant's Grayling's opposition to the motion (Docket No. 8), and Defendant Grayling's Amended Notice of Removal (Docket No. 7), IT IS HEREBY ORDERED for the reasons set forth in the accompanying Memorandum of Law that the plaintiffs' Motion to Remand is GRANTED and that this case shall be REMANDED to the Court of Common Pleas of Philadelphia County.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.